UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATRYCIA R. BOCK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. KENNEDY, JR,[1]<br><br>Defendant. | Civil Action No. 24-2385 (CRC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER**

Robert F. Kennedy, Jr., in his official capacity only as Secretary of Health and Human Services ("Defendant" or "FDA"), respectfully submits this memorandum in support of his motion to dismiss or transfer this action filed by Latrycia Bock ("Plaintiff") under Federal Rule of Civil Procedure ("Rule") 12(b)(3).

**INTRODUCTION**

As discussed below, the Court should dismiss this case because the District of Columbia is an improper venue for Plaintiff's claims that arose out of Plaintiff's employment with the FDA in Silver Spring, Maryland. In the alternative, pursuant to 28 U.S.C. § 1406(a), the Court should transfer this action to the District of Maryland. As demonstrated by Plaintiff's own admission that she worked at the FDA's "main office" in Maryland, where the alleged unlawful acts occurred as well as the attached records custodian's declaration addressing where Plaintiff's employments records would be located, the instant litigation has no connection to this District.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current Secretary is automatically substituted for his predecessor in office.

## BACKGROUND

In her Amended Complaint, Plaintiff alleges that "[a]s a former federal employee with" FDA "I experienced ongoing discrimination, retaliation, and a hostile work environment due to my documented disabilities." *See* ECF No. 1 ("Compl.") at 1;[2] *see also* 26 at 1 ("Am. Compl."). More specifically, she alleges a series of purported unlawful employment practices, including "denial of reasonable accommodations" and "deliberate retaliations and systemic exclusion … 'by any means necessary.'" Am. Comp. at 2. It appears that Plaintiff was employed in 2018 within FDA's Center for Biologics Evaluation and Research. *See* Compl. at 1. Plaintiff confirms that her "place of employment" was the FDA's "main office" in Maryland. *Id.* at 4. Moreover, according to the FDA's Deputy Director of the Office of Human Capital Management and custodian of staff records, "[a]t all times relevant to the action above, the records in the USA Staffing system have been stored and retained within the state of Maryland." Ex. A, Declaration of Fernandez (Corey) Vines ("Vines Decl.").

## STANDARDS OF REVIEW

Rule 12(b)(3) "authorizes a party to move to dismiss a case for 'improper venue.'" *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 405 (D.D.C. 2017) (citing Fed. R. Civ. P. 12(b)(3)). "Similarly, the federal venue statute, 28 U.S.C. § 1406(a), requires that a district court 'dismiss, or if it be in the interest of justice, transfer' a case, which is filed 'in the wrong division or district.'" *Id.* (quoting 28 U.S.C. § 1406(a)). "Together, Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is wrong or improper . . . in the forum in which [the case] was brought." *Id.* (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 50 (2013); internal quotation

---

[2] Because Plaintiff's Complaint package comprises a Summons, a form "Complaint for Employment Discrimination," and Plaintiff's own narrative complaint, the undersigned refer to Plaintiff's own pagination of her narrative complaint.

marks omitted). "Whether venue is wrong or improper depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws[.]" *Id.* (internal quotation marks omitted). "[T]he burden remains on the plaintiff to establish that venue is proper since it is the plaintiff's obligation to institute the action in a permissible forum[.]" *Id.* (internal quotation marks omitted). "For a federal court to hear a case or controversy, venue must be proper for each claim alleged." *Polidi v. Boente*, Civ. A. No. 21-2875 (FYP), 2022 WL 3594594, at *3 (D.D.C. July 18, 2022) (citing *Lamont v. Haig*, 590 F.2d 1124, 1135 (D.C. Cir. 1978)).

In assessing a motion for improper venue, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *Fam*, 236 F. Supp. 3d at 405. "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record, to determine whether it has jurisdiction in the case." *Id.* (internal quotation marks omitted).

**ARGUMENT**

The District of Columbia is an improper venue for Plaintiff's claims. "Venue in Title VII cases against federal employers is governed by 42 U.S.C. § 2000e-5(f)(3)." *Webster v. Mattis*, 279 F. Supp. 3d 14, 18 (D.D.C. 2017). Under Section 2000e-5(f)(3), a plaintiff may bring an action (i) where "the unlawful employment practice is alleged to have been committed," (ii) where "the employment records relevant to such practice are maintained and administered," or (iii) where "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). "Only if the defendant is not found within any of these districts can a plaintiff rely on a fourth possible location—'the judicial district in which the respondent has his principal office.'" *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 86 (D.D.C. 2014); *see also Slaby v. Holder*, 901 F. Supp. 2d 129, 134 (D.D.C. 2012) ("By its plain terms, this fourth residual basis for

jurisdiction is only available when the defendant cannot be found within any of the districts provided for by the first three bases.") (internal quotation marks omitted). "This venue statute governs all Title VII claims and supersedes any other venue provision governing actions in federal court." *Taylor*, 13 F. Supp. 3d at 86.

While Plaintiff does not expressly state a basis for her belief that venue is proper in this District, but it would appear that she bases venue solely based on the fact that the Department of Health and Human Services is located here in the District. Thus, because Plaintiff relies solely and incorrectly on the general venue provision of where the defendant "resides," and not Title VII's applicable venue statute, venue is lacking in this District. 42 U.S.C. § 2000e-5(f)(3); *see also Troster v. Garland*, Civ. A. No. 20-3584 (BAH), 2021 WL 5865447, at *4 (D.D.C. Dec. 10, 2021) (concluding "the District of Columbia is not the location 'in which the unlawful employment practice is alleged to have been committed,' because all the key events that plaintiff describes as constituting discrimination and retaliation took place in Quantico, Virginia, where she worked during the entirety of her tenure with the FBI."); *Abraham v. Burwell*, 110 F. Supp. 3d 25, 29 (D.D.C. 2015) ("Indeed, Abraham herself admits that most of the [discriminatory] actions . . . took place in . . . Maryland. This would appear to resolve the issue because venue cannot lie in the District of Columbia when a substantial part, if not all, of the employment practices challenged in this action took place outside the District even when actions taken in the District may have had an impact on the plaintiff's situation[.]" (internal citations omitted); *Parker v. Sebelius*, 51 F. Supp. 3d 173, 176 (D.D.C. 2014) (finding venue improper in this District because the events that formed Plaintiff's Title VII claims occurred in Maryland and all relevant employment records were located in Maryland).

Contrary to what appears to be Plaintiff's position, venue is proper in Maryland under the first two prongs of the applicable Title VII's venue provision because, according to her, not only the alleged unlawful employment practices occurred there, but her employment records are also located in Maryland. "Courts in this district have interpreted [that provision] to mean that venue is proper in only one district: where the master set of employment records is located." *Saxton v. McDonough*, Civ. A. No. 21-1706 (RDM), 2022 WL 136796, at *2 (D.D.C. Jan. 14, 2022) (cleaned up; quoting *Taylor*, 13 F. Supp. 3d at 87). Here, as the Vines Declaration makes clear, Plaintiff's employment records are located in Maryland. *See* Vines Decl. ¶ 3*; see also Saran v. Harvey*, Civ. A. No. 04-1847 (JDB), 2005 U.S. Dist. LEXIS 8908 (D.D.C. May 9, 2005) (transferring a Title VII action to the Eastern District of Virginia in a case where the underlying facts arose at a military facility in Germany and rejecting Plaintiff's argument that venue was proper in this District because of EEOC files maintained here).

Venue for Plaintiff's Title VII claims is proper in the United States District Court for the District of Maryland. Plaintiff cannot resort to the residual venue provision to maintain his Title VII claims in this District where the District of Maryland is a proper venue for those claims under the first two prongs of the Title VII venue statute. To boot, "[t]he venue provisions of Title VII also apply to causes of action which are brought under the [Rehabilitation Act]." *Archuleta v. Sullivan*, 725 F. Supp. 602, 604 (D.D.C. 1989) (citing 29 U.S.C. § 794(a)(1)). Thus, to the extent that the Court construes Plaintiff to be alleging the denial of reasonable accommodations, those claims are also properly venued in Maryland.

Where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Before dismissing a case for want of proper venue, a district court should consider

whether the 'interest of justice' standard warrants transfer." *Gage v. Somerset County*, 322 F. Supp. 3d 53, 56 (D.D.C. 2018). "'The decision whether a transfer or a dismissal is in the interest of justice, however, rests within the sound discretion of the district court.'" *Id.*; *see also id.* at 58 (dismissing, rather than transferring, case in the interest of justice, where plaintiff "offers no valid grounds for pursuing his suit [in the District of Columbia] in the first place").

## CONCLUSION

For the foregoing reasons, the Court may dismiss this case for improper venue or, alternatively, transfer this case to the District of Maryland.

Dated: February 14, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, Jr., D.C. Bar No. 481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ *Kenneth Adebonojo*
KENNETH ADEBONOJO
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202)252-2562

*Attorneys for the United States of America*